IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIELI SANCHEZ,

    Plaintiff,

v.

VEHO TECH, INC.,

    Defendant.

Case No. 25-5082

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES Plaintiff, Danieli Sanchez, by and through her attorney, Prabhu Narahari, Esq., of Manes & Narahari LLC, and files this Complaint alleging as follows:

### I.    Nature of the Action

1. Plaintiff brings this Complaint to recover damages under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951, et seq. Plaintiff alleges that she was discriminated against under Title VII and PHRA. Plaintiff further alleges that she was discriminated against on the basis of her race.

### II.    Jurisdiction and Venue

2. This action arises under Title VII and the PHRA. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3. Plaintiff is a resident and citizen of Pennsylvania, and a substantial part of the events giving rise to the claims occurred in Eastern Pennsylvania. Therefore, this action is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania, and the venue is proper pursuant to 28 U.S.C. §1391(b).

4.      Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") regarding her allegations under Title VII and the PHRA on May 31, 2024, under charge number 530-2024-06458. *See Exhibit 1.*

5.      Plaintiff was mailed a Notice of Right to Sue from the EEOC on June 9, 2025. This complaint has been filed within ninety (90) days of the Plaintiff's receipt, thus making this action timely. *See Exhibit 2.*

### III.    Parties

6.      Plaintiff, Danieli Sanchez ("Plaintiff"), is an adult individual who currently resides at 3312 Brighton Street, Philadelphia, Pa 19149.

7.      Defendant, VeHo Tech, Inc. ("Defendant"), is a Delaware business corporation with a primary business address of 11350 Norcom Road, Philadelphia, Pa 19154.

### IV.    Facts

8.      Plaintiff began working for Defendant on or about May 16, 2023 as a full-time Sorter.

9.      Plaintiff performed her job duties in a satisfactory manner and received no prior disciplinary actions or write-ups.

10.     Plaintiff's supervisors, including Mickey Holland and Shaniqua White, made racially derogatory comments toward Plaintiff, a Hispanic employee, and other Hispanic employees, including:

   a. "She does not f*** with the three amigos," referring to Plaintiff and two other Hispanic employees.

   b. "Poppies aren't going to get no more favoritism because Jose isn't here anymore." ("Poppies" being a derogatory term for people of Hispanic descent.)

11. Jose, a former Hispanic supervisor, had left the company before these comments were made.

12. Plaintiff reported this racial harassment to another supervisor, Faith Mcaninch.

13. Mcaninch acknowledged Plaintiff's report but took no corrective action and chose to believe the supervisors who denied the comments.

14. On or about May 7, 2024, shortly after Plaintiff's report, Defendant terminated Plaintiff's employment, allegedly for "doing donuts" in the parking lot.

15. Plaintiff did not engage in this conduct. The parking lot cameras were broken and hanging by wires, making proof of this allegation impossible.

16. Plaintiff was terminated without any evidence and shortly after complaining of racial discrimination.

17. Plaintiff believes and therefore avers that she was terminated because of her race and in retaliation for reporting racial discrimination.

## <u>COUNT I</u>
### Racial Discrimination in Violation of Title VII

18. The averments contained in the preceding paragraphs are incorporated herein as if set forth at length.

19. To establish a racial discrimination, claim under Title VII, the plaintiff must demonstrate:

a. That she is a member of a protected group;

b. That she was subject to an adverse employment action;

c. That she was qualified for the position from which she was fired; and

d.  That she was treated differently than employees outside the protected class for the same or similar conduct. *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 556 (6th Cir. 2004).

20.  Plaintiff is Hispanic, and therefore a member of a protected class.

21.  Defendant was aware of how Mickey Holland and Shaniqua White targeted Hispanic employees.

22.  Defendant's actions, including subjecting Plaintiff to derogatory comments and terminating her employment, constitute unlawful discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964.

23.  As her employer, Defendant had a duty to provide Plaintiff with a discrimination free workplace.

24.  Plaintiff was qualified for the position she held.

25.  White employees did not receive the same treatment.

26.  As a direct and proximate result of Company's discriminatory actions in violation of Title VII, Plaintiff has lost wages and other economic benefits.

27.  Plaintiff believes, and therefore avers, that she was terminated on the basis of her race.

28.  The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be free from discrimination.

## Count II
### Racial Discrimination in Violation of the PHRA

29.    The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

30.    The analytical framework used to evaluate a claim under the Pennsylvania Human Relations Act ("PHRA") is effectively indistinguishable from that under Title VII. *See Jones v. Sch. Dist. of Philadelphia,* 198 F.3d 403, 409 (3d Cir. 1999).

31.    Because Plaintiff is able to state a *prima facie* case for racial discrimination as well as retaliation under Title VII, so too will she be able to state such a claim under the PHRA.

32.    Defendant is an employer within the meaning of the PHRA.

33.    Plaintiff was an employee within the meaning of the PHRA.

34.    Plaintiff experienced racial discrimination, which lead to her termination of employment.

35.    White employees in the same situation as Plaintiff were not subjected to the same treatment.

36.    Defendant's conduct also constitutes unlawful discrimination based on race under the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

37.    The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be free from discrimination.

<u>**Count III**</u>
**Retaliation in Violation of Title VII**

38.    The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

39.    In order to state a claim for retaliation under Title VII, a plaintiff must show:

a. She "engaged in a protected activity," including "informal protests of discriminatory employment practices" made to a member of a defendant's management;

b. "Adverse" employment action was taken against the plaintiff "after or contemporaneous with the employee's protected activity;" and

c. "A causal connection between the protected activity and the adverse action." Moore v. Sec. U.S. Dept. of Homeland Sec., 718 Fed. Appx. 164, 166-67 (3d Cir. 2017) (unpublished) (quoting Daniels v. Sch. Dist. of Phila., 776 E. 3d 181, 193 (3d Cir. 2015).

40. Plaintiff had complained regarding Mickey Holland and Shaniqua White's discriminatory behavior.

41. Plaintiff engaged in a protected activity when she reported the discrimination she and other employees were facing.

42. Plaintiff suffered adverse employment action in the form of retaliation by termination.

43. Defendant retaliated against Plaintiff by terminating her employment in violation of Title VII.

44. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be free from discrimination.

**Count IV**
**Retaliation in Violation of the PHRA**

45. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

46.     Plaintiff engaged in protected activity by reporting racial discrimination.

47.     The analytical framework used to evaluate a claim under the Pennsylvania Human Relations Act ("PHRA") is effectively indistinguishable from that under Title VII. *See Jones v. Sch. Dist. of Philadelphia,* 198 F.3d 403, 409 (3d Cir. 1999).

48.     Defendant retaliated against her by terminating her employment, an adverse employment action, in violation of the PHRA.

49.     The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be free from discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Danieli Sanchez, respectfully requests that this Court enter judgment in her favor and against Defendant, and award all damages available at law and in equity, including: lost wages, front pay, compensatory damages, court costs, attorney fees, prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

Respectfully Submitted,

/s/ Prabhu Narahari
Prabhu Narahari, Esq.
PA ID No. 323895

**MANES & NARAHARI, LLC**
One Oxford Centre
301 Grant St, Suite 270
Pittsburgh, PA 15219
(412) 626-5588 Direct
(412) 650-4845 Fax
pn@manesnarahari.com

**<u>VERIFICATION</u>**

I, Danieli Sanchez, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

09/04/2025
Date

Danieli Sanchez